DECISION
This matter came on for hearing before the Court on February 9, 2010 on the Plaintiff's motion for issuance of a Writ of Mandamus, compelling the Town of Lincoln to schedule a hearing relative to Plaintiff's request for a reinstatement of its permit before the Lincoln Planning Board.
 FACTS
On April 27, 2007, the Lincoln Planning Board approved the application of A.F. Homes, LLC for a master plan for a land development. The approval was conditioned on A.F. Homes, LLC obtaining a dimensional variance from the Lincoln Zoning Board and resolving a dispute with the Department of Environmental Management. A.F. Homes, LLC contends that it had *Page 2 
received the dimensional variance and was seeking to resolve the DEM issue promptly (Pl.'s July 16, 2009 Mem. for Summ. J. p. 2).[1]
 TRAVEL
While still not having met the conditions, A.F. Homes, LLC commenced a multi-pronged attack on the local regulatory officials. In February of 2009, it instituted this action requesting injunctive and declaratory relief alleging the Town had violated its due process and equal protection rights.
In July 2009, A.F. Homes, LLC moved for summary judgment. It contended the one year vesting period of G.L. 1956 § 45-23-62 had not yet run, as A.F. Homes had not met all of its conditions for approval. (Pl.'s July 16, 2009 Mem. for Summ. J. p. 2).
While the Summary Judgment motion is pending, A.F. Homes, LLC has scheduled depositions for the Zoning Officer, Town Planner and Town Administrator. (See Defs.' Motions to Quash, January 2010.)
A.F. Homes, LLC then sought this Writ of Mandamus against the Town.[2] *Page 3 
 ANALYSIS
The application for the Writ of Mandamus does not ask the Town for approval of the master plan, — the Planning Board already approved it. A.F. Homes, LLC admits it has not yet met all of the conditions for its permit. Instead, the writ requests that the Town be ordered to schedule a hearing for reinstatement of its application. This motion is obviously contrary to the admission of A.F. Homes, LLC that it has not yet met the conditions of the permit. It is also contrary to the position which A.F. Homes, LLC has taken in the motion for Summary Judgment: that its original permit has not lapsed, is still valid, and will vest once all conditions are met.
The requirements of mandamus were outlined by our Supreme Court just several months ago:
 It is well settled in this jurisdiction that the issuance of a writ of mandamus is an extraordinary remedy. "A writ of mandamus is an extreme remedy that will be issued only when: (1) the petitioner has a clear legal right to the relief sought, (2) the respondent has a ministerial duty to perform the requested act without discretion to refuse, and (3) the petitioner has no adequate remedy at law." New England Development LLC v. Berg, 913 A.2d 363, 368 (R.I. 2007). "A ministerial function is one that is to be performed by an official in a prescribed manner based on a particular set of facts `without regard to or the exercise of his own judgment upon the propriety of the act being done.'" Id . at 368-69 (quoting Arnold v. Rhode Island Department of Labor and Training Board of Review, 822 A.2d 164, 167 (R.I. 2003)). City of Providence v. Estate of Tarro, 973 A.2d 597, 604 (R.I. 2009).
Most significantly, A.F. Homes, LLC has several obvious remedies of law, which would adequately remedy its problem. First, A.F. Homes, LLC could meet the conditions of its previously approved application. A.F. Homes, LLC does not contend that the conditions are *Page 4 
unreasonable or unattainable; rather it suggests that it has already met one condition, and is resolving the other. Second, A.F. Homes, LLC could be successful in pursuing its administrative appeal of the Planning Board decision. Third, A.F. Homes, LLC could succeed on its pending Summary Judgment motion. Any of these alternatives could resolve the situation for A.F. Homes, LLC.
While A.F. Homes, LLC claims that it has a legal right to mandamus, that right is less than clear. A.F. Homes, LLC relies on a provision in the subdivision statutes for its claim of entitlement to a hearing on its reinstatement request:
 § 45-23-62. Procedure — Waivers — Modifications and reinstatement of plans.
—
 (a). . . .
 (c) Local regulations shall include provisions for reinstatement of development applications when the deadlines set in the local regulations and approval agreements for particular actions are exceeded and the development application or approval is therefore rendered invalid. Where an approval has expired, the local regulations shall specify the point in the review to which the application may be reinstated.
While local regulations should establish provisions for reinstatements, the statute creates no "right to be heard on its application for the reinstatement" (Defs.' Mem. p. 5), nor does it create "an absolute right to request a hearing." (Defs.' Mem. p. 5.) Another provision of the same chapter prevents the Town from moving forward during the pendency of an appeal.
 § 45-23-68 . Appeals — Stay of proceedings. — An appeal stays all proceedings in furtherance of the action being appealed.
As A.F. Homes, LLC already is pursuing an administrative appeal and contends the permit is operative when conditions are met, it is counterintuitive to conclude that it has an absolute right *Page 5 
to a reinstatement. A.F. Homes, LLC has not demonstrated a clear legal right to the relief it seeks, or to a Writ of Mandamus.[3]
The final element is whether the Town has a ministerial duty to issue a reinstatement permit or to provide a hearing for the reinstatement application. To conclude that the Town is duty-bound would be to conclude that the statute removes all deference from the Town. Section 45-23-62(d) simply requires that the locality establish a procedure. Town councils have deference in establishing the specific regulations, and planning boards may have discretion in reissuing permits thereunder.
In quashing the writ issued by the lower court, theTarro court held:
 Mandamus will not be issued "to compel a public officer to perform an act the performance of which rests within his discretion." Rossi, 862 A.2d at 193 (quoting Adler v. Lincoln Housing Authority, 623 A.2d 20, 25
(R.I. 1993)). . . ."If the performance of the duty involves the exercise of discretion or judgment, the writ will not be issued except in cases where there has been an abuse of discretion." Adler, 623 A.2d at 26 (quoting McLyman, ex rel. Hogan v. Holt, 51 R.I. 96, 98, 151 A. 1, 2 (1930)). City of Providence v. Estate of Tarro, 973 A.2d 597, 605 (R.I. 2009).
 CONCLUSION
Hence, A.F. Homes, LLC has failed to demonstrate a nondiscretionary duty of the Town. Accordingly, A.F. Homes, LLC's request for a Writ of Mandamus must be denied, and is denied.
[1] The Court does not know why these reasonable conditions have not been met prior to the request for mandamus. Over two years have elapsed since the Planning Board approval. Even prior to submitting its application to the Board, the applicant should have recognized that these conditions would be an impediment to issuance of a building permit.
[2] The hearing was protracted because of the Plaintiff's misstatements of facts in its memorandum. Several times in its memorandum, A.F. Homes, LLC claimed that the Town denied a hearing in its letter of January 25, 2010. (Pl.'s January 28, 2010 Mem. pp. 2, 5, 7, 8.) The hearing was requested just days earlier, on January 12, 2010. As Exhibit A of Plaintiff's memorandum shows, the Town's letter did not deny a hearing — it informed Plaintiff's counsel that it should address demand letters regarding pending litigation to counsel of record. The Town was correct. Counsel should have communicated with counsel. The Plaintiff was incorrect. It never requested a hearing in its January 12th letter.
In asserting its claim of constitutional rights, A.F. Homes, LLC contends it is "the owner of the property", an important point. (Pl.'s January 28, 2010 Mem. p. 2.) However, A.F. Homes, LLC isnot the owner (see Pl.'s July 29, 2009 Mem. for Summ. J. p. 2.) It is a prospective purchaser.
These are not minor errors, they are misstatements of fact on which the Court could rely. As counsel has made such patent misstatements, it is reasonable to infer that its failure to note that an administrative appeal was pending was by design. Nowhere in its ten page memorandum is this pending appeal referenced. The pendency of the appeal is vital to the issue of whether an adequate remedy at law exists.
These inaccurate representations are unacceptable. The failure of counsel to sign its court pleadings is also unacceptable and will be addressed by the Court separately.
[3] Our high court addressed a similar situation in Muschiano vTravers, 973 A.2d 515 (R. I. 2009). Mr. Muschiano sought a Writ of Mandamus to obtain a building permit even though he had not met a precondition of the zoning. When the Superior Court issued a Writ of Mandamus, the high court reversed, holding that while "the existence of a legal remedy other than mandamus does not necessarily mean that mandamus will not lie. If the remedy provided is one that is not plain, speedy, and adequate, mandamus will lie." (Muschiano at 522, citations deleted.) As. Mr. Muschiano failed to meet a precondition, there was no justification to bypass the administrative remedy. The writ was quashed.